UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIANE SALVANT, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-8700** |
| **MURPHY OIL USA, INC., ET AL.** | * | **SECTION: "L" (2)** |

## ORDER & REASONS

Before the Court are Gregory Neve's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) or, Alternatively, Motion for Summary Judgment (Rec. Doc. 6), and the Plaintiffs' Motion to Remand (Rec. Doc. 9). For the following reasons, Neve's Motion to Dismiss is GRANTED and the Plaintiffs' Motion to Remand is DENIED.

**I.    BACKGROUND**

The Plaintiffs in this case allege that they were exposed to sulfur dioxide fumes that were released from the Murphy Oil USA, Inc. ("Murphy") refinery located in Meraux, Louisiana on or about August 15, 2005. The Plaintiffs filed suit in the Civil District Court for the Parish of Orleans on August 9, 2006 on behalf of a putative class of persons who reside near the refinery (or who were in the proximity of the refinery at the time of the incident) and allegedly suffered damages as a result of being exposed to the fumes. It is believed that the incident occurred as a result of malfunctions of the temperature monitor and the main air blower in the refinery's Sulfur

Recovery Unit.  The Plaintiffs have sued Murphy and Gregory Neve, the refinery manager.[1]

The Defendants removed this case to federal court on October 19, 2006, contending that this Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under 28 U.S.C. § 1332(a), because Neve is improperly joined and the amount in controversy exceeds $75,000; or (2) the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000 and minimal diversity exists.

In addition to the Defendants' argument that Neve was improperly joined, Neve has filed a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.  Neve argues that the Plaintiffs have failed to state a claim against him in his individual capacity and that he should be dismissed from this litigation.[2]  The Plaintiffs' contend that Neve was properly joined, and that his motion to dismiss should be denied.  Furthermore, the Plaintiffs have filed a motion to remand this matter to state court, arguing that Neve destroys this Court's diversity jurisdiction.

## II.   LAW & ANALYSIS

### A.   Neve's Motion to Dismiss

"The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)

---

[1] Murphy is a citizen of Delaware and Arkansas.  Neve is a citizen of Louisiana, as are the named Plaintiffs and the members of the putative class.

[2] Neve also argues that the Plaintiffs' opposition to his motion was never served on counsel, and therefore is untimely and in violation of Local Rule 7.5(e).  Accordingly, Neve asks the Court to grant his motion as unopposed.  In granting Neve's motion, however, the Court has considered the merits of the Plaintiffs' opposition.

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

     The Louisiana Supreme Court has promulgated criteria for subjecting employees to personal liability for injuries suffered by third parties.  *See Canter v. Koehring*, 283 So.2d 716, 721-23 (La. 1973).  To be liable, the employer must owe a duty of care to a third party, the duty must be delegated by the employer to the defendant, and the "defendant officer, agent, or employee [must have] breached this duty through personal (as contrasted with technical or vicarious) fault."  *Id*. at 721.  Moreover, "personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment."  *Id*.

     The Plaintiffs allege that Neve, in his capacity as refinery manager, oversees all functions of the refinery and is ultimately responsible for the maintenance and performance of all refinery equipment.  Neve contends, however, that his general administrative duties do not subject him to personal liability for a mechanical malfunction in this case.  As in *Hornsby v. Allied Signal, Inc.*, 961 F. Supp. 923, 927-29 (M.D. La. 1997), it is undisputed that the plant manager in this case was not personally responsible for inspecting the machinery that allegedly malfunctioned.  (Neve Decl.)  Nor have the Plaintiffs have not submitted any evidence suggesting that Neve was personally involved in the alleged incident.  *Cf. Ford v. Elsbury*, 32 F.3d 931, 938-39 (5th Cir.

3

1994).  Accordingly, the Court finds that the Plaintiffs have failed to state a viable claim against Neve, and he will be dismissed from this litigation.

      **B.**      **Plaintiffs' Motion to Remand**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)

Having found that the Plaintiffs cannot state a claim against Neve, the sole issue that remains is whether or not the $75,000 amount-in-controversy requirement has been satisfied.  In their petition, the Plaintiffs contend that each class member's individual damages are less than $5,000.  However, the Plaintiffs seek to recover damages for "physical, mental and emotional injuries, fright, inconvenience, and interruption of or intrusion into their personal and professional lives."  In their motion to remand, the Plaintiffs contend that the class is comprised of approximately 200 people.  The Defendants argue that the class is much broader.  At a minimum, it appears that at least $1 million, in the aggregate, is at controversy here.

Although the named Plaintiffs allege that their individual damages amount to no more than $5,000 each, the Court finds that it has diversity jurisdiction over their claims because the class representatives "enjoy the possibility of recovering attorney's fees and other expenses of

litigation." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 876 (5th Cir. 2002). Furthermore, under the rule announced in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005), the Court will exercise supplemental jurisdiction over the unnamed class members' claims pursuant to 28 U.S.C. § 1367, regardless of whether or not they individually satisfy the amount-in-controversy requirement.[3]

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Neve's Motion to Dismiss is GRANTED and that the Plaintiffs' claims against Neve are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this   16th   day of   March  , 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3]   Accordingly, the Court need not address whether CAFA confers federal jurisdiction in this case.