UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIANE SALVANT, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-8700** |
| **MURPHY OIL USA, INC., ET AL.** | * | **SECTION: "L" (2)** |

## ORDER & REASONS

Before the Court is the Defendant's Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification (Rec. Doc. 30). For the following reasons, the Defendant's motion is now GRANTED.

**I.    BACKGROUND**

The Plaintiffs in this case allege that they were exposed to sulfur dioxide fumes that were released from the Murphy Oil USA, Inc. ("Murphy") refinery located in Meraux, Louisiana on August 15, 2005. It is believed that the incident occurred as a result of malfunctions of the temperature monitor and the main air blower in the refinery's Sulfur Recovery Unit. The Plaintiffs filed suit in the Civil District Court for the Parish of Orleans on August 9, 2006 on behalf of a putative class of persons who reside near the refinery (or who were in the proximity of the refinery at the time of the incident) and who allegedly suffered damages as a result of being exposed to the fumes. The putative class seeks damages for "physical, mental and emotional injuries, fright, inconvenience, and interruption of and intrusion into their personal lives." Murphy subsequently removed this matter to federal court.[1]

---

[1] The Plaintiffs also named Gregory Neve, the refinery manager, as an additional defendant. But on March 16, 2007, the Court granted Neve's Rule 12(b)(6) motion to dismiss,

## II.     PRESENT MOTION

In its present motion, made pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure*, Murphy contends that the pleadings reveal that the Plaintiffs' proposed class cannot be certified as a matter of law.  Murphy argues that the nature of the alleged incident and injuries clearly preclude certification of the proposed class, and therefore that the Court need not conduct an evidentiary hearing on the question of class certification.  The Plaintiffs oppose Murphy's motion and contend that this matter may be able to proceed as a class action.  However, the Plaintiffs do not seek class certification at this time.

## III.    LAW & ANALYSIS

The question of class certification under Rule 23 of the *Federal Rules of Civil Procedure* "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal quotation omitted).  But "[s]ometimes the issues are plain enough from the pleadings." *Id.*; *see also Kemp v. Metabolife Int'l Inc.*, No. 00-3513, 2002 WL 113894 (E.D. La. Jan. 25, 2002).  In such circumstances, a motion for judgment on the pleadings pursuant to Rule 12(c) is an appropriate mechanism by which to challenge the propriety of a putative class action.

Rule 23(a) sets forth four prerequisites to any class action:  (1) a class "so numerous that joinder of all members is impracticable"; (2) the existence of "questions of law or fact common to the class"; (3) class representatives with claims or defenses "typical . . . of the class"; and (4) class representatives that "will fairly and adequately protect the interests of the class."  Fed. R.

---

finding that the Plaintiffs had failed to state a viable claim against him personally.  The Court also denied the Plaintiffs' request for remand at that time.  *See* Rec. Doc. 26.

Civ. P. 23(a).  In addition to these prerequisites, plaintiffs seeking class certification under Rule 23(b)(3) must also demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that the class action is "superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

In this case, Rule 23(b)(3)'s requirement that common questions of law or fact must "predominate over any questions affecting only individual [class] members," *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005), is fatal to the Plaintiffs' proposed class and renders an analysis of the Rule 23(a) prerequisites unnecessary.  To predominate, common issues must form a significant part of individual cases.  *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999).  The predominance requirement of Rule 23(b)(3) is "far more demanding" than the commonality requirement of Rule 23(a), because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Unger*, 401 F.3d at 320.

Courts have repeatedly held that claims for personal and emotional injuries arising from exposure to toxic chemicals are inappropriate for class treatment because individualized factual issues concerning specific causation and damages predominate over any common issues.  *See, e.g., Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 601-04 (5th Cir. 2006); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239-40 (S.D. Ind. 1995) (collecting authorities).  Indeed, the Court finds that the recent *Exxon Mobil* case, which also involved a toxic smoke plume, controls the instant dispute and leads to the inevitable conclusion that this case may not proceed as a class action.  In *Exxon Mobil*, the United States Court of Appeals for the Fifth Circuit stated that class certification is inappropriate where each plaintiff's claim "will be highly

individualized with respect to proximate causation, including individual issues of exposure, susceptibility to illness, and types of physical injuries." *Exxon Mobil*, 461 F.3d at 602. Moreover, the court noted there that "one set of operative facts would not establish liability and the end result would be a series of individual mini-trials which the predominance requirement is intended to prevent." *Id.* Despite their arguments to the contrary, the Court finds that the Plaintiffs' claims that exposure to fumes emanating from Murphy's refinery proximately caused their physical and emotional injuries are no different; they are highly individualized and inappropriate for classwide adjudication.

## IV.   CONCLUSION

Accordingly, IT IS ORDERED that the Defendant's Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification (Rec. Doc. 30) is GRANTED.

New Orleans, Louisiana, this   13th   day of   August  , 2007.

_____
UNITED STATES DISTRICT JUDGE

4